## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC FEW,<br><br>        Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | No. 2:19–cv–1491–KJN<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR FEES UNDER THE EAJA<br><br>(ECF No. 23) |

Plaintiff Eric Few commenced this social security action on August 4, 2019. (ECF No. 1.) On March 23, 2021, the court granted plaintiff's motion for summary judgment, denied the Commissioner's cross-motion for summary judgment, remanded the action for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g), and entered judgment for plaintiff. (ECF Nos. 20, 21.)

Now pending before the court is plaintiff's motion for attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA").[1] (ECF No. 23.) The Commissioner filed a statement of non-opposition. (ECF No. 25.) After careful consideration, the court GRANTS plaintiff's motion for EAJA fees.

///

---

[1] This matter is before the undersigned pursuant to 28 U.S.C. § 636 and Local Rule 302(c)(15). All parties consented to magistrate judge jurisdiction. (ECF Nos. 7, 16.)

"The EAJA provides for the award of attorney's fees to a party that prevails against the United States in a proceeding for review of an agency action, unless the court finds 'that the position of the United States was substantially justified or that special circumstances make an award unjust.'" Costa v. Comm'r of Soc. Sec. Admin., 690 F.3d 1132, 1135 (9th Cir. 2012) (quoting 28 U.S.C. § 2412(d)(1)(A)).  Here, plaintiff seeks $5,607.55 in attorneys' fees for 27 hours spent in prosecution of the action in this court.[2]  (ECF No. 23 at 1.)

## I. ENTITLEMENT TO EAJA FEES

The court finds—and the Commissioner does not dispute—that plaintiff is a prevailing party because he successfully obtained a remand for further proceedings under sentence four of 42 U.S.C. § 405(g).  Shalala v. Schaefer, 509 U.S. 292, 300-02 (1993).  As for reasons to deny an EAJA award, "[i]t is the government's burden to show that its position was substantially justified or that special circumstances exist to make an award unjust." Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001); see Flores v. Shalala, 49 F.3d 562, 569 (9th Cir. 1995) (holding that claimant is entitled to attorneys' fees unless the government shows that its position "with respect to the issue on which the court based its remand was 'substantially justified'").

### A. Substantial Justification

"Substantial justification means 'justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person.'" Meier v. Colvin, 727 F.3d 867, 870 (9th Cir. 2013) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)).  "Put differently, the government's position must have a 'reasonable basis both in law and fact.'" Id. (quoting Pierce, 487 U.S. at 565).  In determining substantial justification, the court reviews "both the government's litigation position and the underlying agency action giving rise to the civil action," which in the social security context is the ALJ's decision.  Id.  A position does not have to be correct to be substantially justified.  Pierce, 487 U.S. at 566 n.2; see also Lewis v. Barnhart, 281

---

[2] Plaintiff's June 17, 2021 application for EAJA fees is timely, because it was filed within 30 days of the court's March 23, 2021 judgment becoming final and non-appealable.  See 28 U.S.C. §§ 2412(d)(1)(B) (EAJA application due "within thirty days of final judgment"), 2412(d)(2)(G) ("'final judgment' means a judgment that is final and not appealable . . . ."); Fed. R. App. P. 4(a)(1)(B) (60 days to file notice of appeal if one of the parties is the United States or a United States agency, officer, or employee sued in official capacity).

1  F.3d 1081, 1083 (9th Cir. 2002).

2        Here, in light of the errors identified in the March 23, 2021 order and defendant's lack of opposition to the instant motion, the court cannot find that the government has shown its position was substantially justified.  See Gutierrez, 274 F.3d at 1258 (government's burden to show substantial justification).

**B. Special Circumstances**

      The court is aware of no special circumstances that would make an award of EAJA fees unjust in this case.  Accordingly, plaintiff is entitled to an award of fees pursuant to the EAJA.  See 28 U.S.C. § 2412(d)(1)(A).

**II. AWARD OF REASONABLE FEES**

      The EAJA directs the court to award a "reasonable" fee.  28 U.S.C. § 2412(d)(2)(A).  In determining whether a fee is reasonable, the court considers the reasonable hourly rate, the hours expended, and the results obtained.  See Commissioner, INS v. Jean, 496 U.S. 154, 163 (1990); Hensley v. Eckerhart, 461 U.S. 424, 437 (1983); Atkins v. Apfel, 154 F.3d 986, 988 (9th Cir. 1998).

**A. Hourly Rate**

      In computing the fee request, plaintiff's counsel uses the maximum hourly rates for EAJA fees published on the Ninth Circuit's website:  $205.25 for his work in 2019 and $207.78 for his work in 2020.  (ECF No. 23 at 1 n.1, 4.)  See 28 U.S.C. § 2412(d)(2)(A); Thangaraja v. Gonzales, 428 F.3d 870, 876-77 (9th Cir. 2005); Ninth Circuit Rule 39-1.6.  The court finds both rates reasonable.

**B. Hours Expended**

      Plaintiff's counsel submitted a timesheet with entries broken down by various tasks performed on the case, showing that he spent 1 hour on this case in 2019 and 26 hours in 2020.  (ECF No. 23 at 3-4.)  The Commissioner does not contest the reasonableness of these hours, and after an independent review of the time entries, the court finds the amount of time spent by plaintiff's counsel to be reasonable and properly supported by the time records.

///

### C. Results Obtained

Finally, given that plaintiff obtained a favorable judgment remanding the case for further administrative proceedings, the court concludes that the requested amount of fees is consistent with the result obtained. See Hensley, 461 U.S. at 435 ("Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee.").

Therefore, the court awards plaintiff EAJA attorneys' fees in the amount of $5,607.55 ($205.25 (1 hour x $205.25/hr) + $5,402.30 (26 hours x $207.78/hr) = $5,607.55). The court notes that plaintiff executed an assignment of EAJA fees to plaintiff's counsel. (ECF No. 23.1.) However, the EAJA award must be made by this court to plaintiff, and not to counsel. See Astrue v. Ratliff, 560 U.S. 586 (2010). Nevertheless, if the government determines that plaintiff does not owe a federal debt that qualifies for offset, payment may be made in the name of plaintiff's attorney.

### ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for attorneys' fees under the EAJA (ECF No. 23) is GRANTED; and
2. Plaintiff is awarded attorneys' fees in the total amount of $5,607.55 pursuant to the EAJA. If the government determines that plaintiff does not owe a federal debt that qualifies for offset, payment may be made in the name of plaintiff's attorney.

Dated: August 6, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

few.1491