UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC FEW,<br><br>           Plaintiff,<br><br>      v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>           Defendant. | No.  2:19–cv–1491–KJN<br><br>ORDER AWARDING ATTORNEY'S FEES UNDER 42 U.S.C. § 406(B)<br><br>(ECF No. 27) |

Presently before the court is plaintiff's counsel Jesse Kaplan's motion for attorney's fees pursuant to 42 U.S.C. § 406(b). (ECF No. 27.)[1] Plaintiff's counsel seeks an award of $11,607.55 (roughly 9% of plaintiff's past-due benefits of $129,512.10 awarded by the Commissioner of Social Security). Counsel served his motion on plaintiff, who did not respond. (ECF No. 28.) The Commissioner filed a response analyzing the fee request without taking any position on the reasonableness of the request. (ECF No. 31.)

For the reasons set forth below, the court grants the motion for § 406(b) attorney's fees.

///

///

---

[1]     Both parties consented to the jurisdiction of a magistrate judge for all purposes, under 28 U.S.C. § 636(c). (ECF Nos. 7, 16.)

1

**Background**

To briefly summarize the procedural history, on March 23, 2021, the undersigned granted plaintiff's motion for summary judgment and remanded the case for further agency proceedings. (ECF No. 20.) On August 6, 2021, the court granted plaintiff's counsel's unopposed motion for fees and costs under the Equal Access to Justice Act ("EAJA") in the amount of $5,607.55. (ECF No. 26.) After further proceedings on remand, an administrative law judge granted plaintiff's disability claim and awarded past-due benefits totaling $129,512.10. (See ECF No. 27.1.) The March 28, 2022 Notice of Award indicates that the agency withheld $32,378.03 (25% of the past-due benefits) for potential payments to plaintiff's agency-level representative and his counsel for this appeal. (Id. at 4.) Plaintiff's counsel now moves for $11,607.55 in attorney's fees under 42 U.S.C. § 406(b).[2] (ECF No. 27.) The Commissioner does not oppose the fee request. (ECF No. 31.)

**Discussion**

Title 42 U.S.C. § 406(b) provides in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A). Unlike fee-shifting provisions where the losing party is responsible for attorney's fees, the attorney's fees authorized under § 406(b) are paid by the claimant out of the past-due benefits awarded. Gisbrecht v. Barnhart, 535 U.S. 789, 802 (2002).

///

---

[2]  Plaintiff's counsel explains that because he did not represent plaintiff at the administrative level, he did not receive notice of the March 2022 award until May 2022. (ECF No. 27 at 2.) The court therefore finds this motion timely filed within 30 days of counsel's receipt of the notice of final award, as required under the Scheduling Order. (See ECF No. 6 at 4, ¶ 10.)

2

The Commissioner typically does not act as an adversary, but instead as an adviser to the court with respect to fee requests under 42 U.S.C. § 406(b). Crawford v. Astrue, 586 F.3d 1142, 1144 n.2 (9th Cir. 2009) (en banc) ("The Commissioner plays a part in the fee determination resembling that of a trustee for the claimants."). "Because the [Commissioner] has no direct interest in how much of the award goes to counsel and how much to the disabled person, the district court has an affirmative duty to assure that the reasonableness of the fee is established." Id. at 1149.

In reviewing the fee request, the court looks first to the parties' contingency-fee agreement, then tests it for reasonableness—always respecting "the primacy of lawful attorney-client fee agreements . . . ." Gisbrecht, 535 U.S. at 793 (noting that courts following this method have "appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved."). To this end, the Ninth Circuit instructs:

> A fee resulting from a contingent-fee agreement is unreasonable, and thus subject to reduction by the court, if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the "benefits are large in comparison to the amount of time counsel spent on the case. [A]s an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement," but "not as a basis for satellite litigation," the court may require counsel to provide a record of the hours worked and counsel's regular hourly billing charge for noncontingent cases.

Crawford, 586 F.3d at 1148 (citations omitted). The attorney bears the burden of establishing the reasonableness of the fee. Gisbrecht, 535 U.S. at 807 n.17.

Thus, unlike in standard attorney's fees motions based on the lodestar method, the court's reasonableness inquiry "must begin, under Gisbrecht, with the fee agreement, and the question is whether the amount need be reduced, not whether the lodestar amount should be enhanced." Crawford, 586 F.3d at 1149, 1151 ("the district court must first look to the fee agreement and then adjust downward if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall").

////

In support of this motion for § 406(b) attorney's fees, (at the court's prompting) plaintiff's counsel attaches an attorney-client agreement signed by plaintiff on June 19, 2022, the day after counsel filed the instant fee motion and well after plaintiff's award of benefits. (ECF No. 30.) While this agreement provides some support for the fee request, it does not squarely establish that plaintiff agreed to the fees now being requested. The relevant portion of the agreement states: "In the event the matter proceeds beyond the first administrative law judge hearing after the date of this agreement, the fee will be 25 percent of all past-due benefits." (Id. (emphasis added).) Because there were no proceedings in this case after June 19, 2022, the contract alone does not establish counsel's entitlement to fees. The lack of a clearly applicable contingency-fee agreement is concerning and makes it difficult to follow Gisbrecht's instruction to look first to the terms of the parties' agreement and then to determine if the agreed-to fees are reasonable. 535 U.S. at 793.

Nevertheless, the court is satisfied that plaintiff indeed agreed to the fees sought here. Counsel states in his brief that he discussed "his proposed fee with [plaintiff] in letters of May 12 and 17, 2022, and phone calls, indicating that upon filing of this motion, he would write to the [agency] payment center stating that only the sum of $11,607.55 was being requested as 406(b) attorney fees" and that the remainder of the amount withheld by the agency could be disbursed to plaintiff. (ECF No. 27 at 2-3.) Because counsel signed the brief in accordance with Fed. R. Civ. P. 11(b)(3), the court assumes that there is evidentiary support for counsel's representation that plaintiff was expressly informed of the amount of § 406(b) fees counsel intended to—and ultimately did—request. Given that counsel subsequently served this motion on plaintiff (ECF No. 28) and plaintiff filed no objections, the court infers plaintiff's assent to the amount of fees requested. Further, the court notes that counsel is seeking only approximately 9% of plaintiff's past-due benefits award, far less than the 25% statutory maximum.

In light of the guidance provided in Crawford, the court finds plaintiff's counsel's requested fee of $11,607.55 to be reasonable. First, agreements providing for fees of 25% of past-due benefits are the "most common fee arrangement between attorneys and Social Security claimants." Crawford, 586 F.3d at 1147. Additionally, the undersigned finds no indication that

plaintiff's counsel performed substandard work or unduly delayed the case; to the contrary, plaintiff's counsel's work in prosecuting this case through full briefing of the motion for summary judgment efficiently achieved a fully favorable decision for plaintiff.  Furthermore, the total amount sought ($11,607.55) does not appear to be disproportionate to the amount of time plaintiff's counsel spent on the case.  Plaintiff's counsel represents that he spent 27 hours on the case, which equates to a rate of approximately $429.91 per hour.  (ECF No. 27 at 5-6.)  While this hourly rate is significant, it is well within the range found reasonable in social security cases and is not a windfall to plaintiff's counsel.  See Crawford, 586 F.3d at 1153 (J. Clifton, concurring in part and dissenting in part) (explaining that the majority opinion found reasonable effective hourly rates equaling $519, $875, and $902); Wares v. Saul, 2019 WL 4318543 at *3-4 (E.D. Cal. Sept. 12, 2019) (approving effective hourly rate of $547); Villa v. Astrue, 2010 WL 118454, at *1-2 (E.D. Cal. Jan. 7, 2010) (awarding an hourly rate exceeding $1,000, when counsel requested $4,569.25 for 5.2 hours of combined attorney and paralegal work, and noting that "[r]educing § 406(b) fees after Crawford is a dicey business").  For these reasons, the court awards plaintiff's counsel the requested amount of $11,607.55 in attorney's fees under 42 U.S.C. § 406(b).

Once the court determines that the fee sought under § 406(b) is reasonable, it must account for the attorney's fees paid by the Commissioner on his own behalf pursuant to the EAJA.  Gisbrecht, 535 U.S. at 796.  "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits" by requiring the claimant's attorney to refund to the claimant the amount of the smaller fee up to the point where the claimant receives 100% of the past-due benefits.  Gisbrecht, 535 U.S. at 796.  Here, the court finds counsel's § 406(b) request reasonable, and therefore orders counsel to refund plaintiff the $5,607.55 in EAJA fees previously awarded (ECF No. 26).

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's counsel's motion for attorney's fees under 42 U.S.C. § 406(b) (ECF No. 27) is GRANTED;

2. The Commissioner shall pay plaintiff's counsel the sum of $11,607.55 in attorney's fees under 42 U.S.C. § 406(b).  The remainder withheld from the back benefits awarded to plaintiff shall be disbursed to plaintiff; and

3. Plaintiff's counsel shall reimburse plaintiff for the $5,607.55 in previously-awarded EAJA fees.

Dated:  August 30, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

few.1491